**In re Petition for REINSTATEMENT to the Practice OF Timothy Jay ZAK, Petitioner, an Attorney at Law of the State of Minnesota.**

No. C3–98–1923.

Supreme Court of Minnesota.

Aug. 31, 1999.

ORDER

On January 5, 1999, this court suspended petitioner Timothy Jay Zak from the practice of law for three months for failing to act with reasonable diligence, failing to make reasonable efforts to expedite litigation, failing to keep clients reasonably informed, failing to promptly comply with reasonable requests for information, failing to take steps to protect clients' interests upon termination of representation, and making false statements of material fact in connection with the investigation of the disciplinary matter. The court further or-

dered that upon reinstatement petitioner would be placed on supervised probation for two years.

Petitioner has filed a petition requesting reinstatement with this court stating he has fulfilled the terms of the disciplinary order with respect to reinstatement.

The Lawyers Professional Responsibility Board Panel conducted a hearing on reinstatement on July 8, 1999. The Panel concluded that petitioner has satisfied the conditions required for reinstatement and recommends that petitioner be reinstated to the practice of law subject to two years of supervised probation with the following terms and conditions:

1. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

2. Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

3. Petitioner shall not begin representing clients until a system of supervision approved by the Director has been established. Petitioner's supervisor shall be approved by the Director and be familiar with criminal law and solo practice.

4. Petitioner shall cooperate fully with his supervisor(s) in the monitoring of petitioner's compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per week for at least the first six months of probation. Prior to each meeting with the supervisor(s), petitioner shall submit to his supervisor(s) an

inventory of all active client files. With respect to each active file, the inventory shall disclose a client file identifier, type of representation, date opened, date and description of most recent activity, date and description of the next anticipated action, and anticipated closing date. Upon the supervisor's recommendation and with the approval of the Director, petitioner's in-person meetings may be reduced to twice per month for the next six months and thereafter to once per month for the next year. Petitioner's supervisor(s) shall file written reports with the Director at least monthly for the first year and then quarterly, or at more frequent intervals as may be reasonably requested by the Director.

5. Petitioner shall limit his practice to criminal defense. Petitioner shall not accept clients in other areas of practice without the consent of the Director upon the favorable recommendation of his supervisor(s).

6. Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to the correspondence, telephone calls and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

7. Petitioner shall enroll in and complete a time management class.

The Director concurs with the panel's recommendation and, with petitioner's consent, requested that the Court make its decision without a referee hearing, briefing or oral arguments.

IT IS HEREBY ORDERED that petitioner is reinstated to the practice of law in the State of Minnesota, effective immediately, and is placed on supervised probation for two years subject to the terms and conditions recommended by the Panel and set forth above.

BY THE COURT:

Alan C. Page

Alan C. Page
Associate Justice